IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SUSAN ADAMS | § | |
| | § | |
| V. | § | NO. 1:07-CV-216 |
| | § | |
| STATE FARM LLOYD'S, INC. | § | |
| and STATE FARM LLOYD'S | § | |

### OPINION RE MOTION TO AMEND

This opinion states the court's reasons for denying plaintiff's motion for leave to file an amended complaint.

### I. Parties & Nature of Suit

This action is based on a homeowner's insurance policy.  Plaintiff, Susan Adams (Adams), alleges that her home in Hardin County, Texas, was damaged by Hurricane Rita in September, 2005, and that her insurer, State Farm Lloyd's (State Farm) did not fully pay her claims for such damage.

### II. Plaintiff's Motion to Amend

Plaintiff seeks leave to amend her complaint to add Felipe Farias as a defendant.  The motion to amend and its accompanying proposed amended complaint

identify Farias as a resident of Texas. The motion further avers that Adams will be prejudiced if she is not allowed to add Farias.

State Farm opposes the motion, and argues that the only purpose for plaintiff's motion is an attempt to defeat diversity jurisdiction. State Farm argues that federal courts may deny post-removal motions to amend when a party to be added would deprive the federal court of jurisdiction. State Farm further argues that Adams was dilatory in seeking to add Farias; Adams will not be prejudiced if the amendment is denied; and no equitable factors weigh in favor of amendment.

### III. PRINCIPLES OF ANALYSIS

Generally, leave to amend complaints should be freely given. See FED. R. CIV. P. 15(a); Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). When, however, an amended complaint would add a defendant whose presence would destroy the court's subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When faced with this situation, a court "should scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The court must consider that the amendment will deprive the original defendant of his choice of forum. Id. ("the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum").

The Fifth Circuit directs lower courts to consider four factors when determining whether to allow such an amendment. Those are (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.[1] Id.

### IV.  APPLICATION

Each of the Hensgens factors weighs in favor of denying plaintiff leave to amend her complaint. First, there appears to be no reason to add Farias other than to defeat subject matter jurisdiction. Indeed, Adams states that the very purpose of the amendment is to add a non-diverse party.

Second, plaintiff's dilatory action weighs against the amendment. Farias was the adjuster for the underlying insurance claim, so Adams should have been aware of his identity at the time she filed her state court petition. Adams offers no explanation as to why she waited until after the case was removed to federal court to seek to add Farias.

---

[1]     The court in Hensgens did not provide much guidance as to what these other factors might be, other than the risk of parallel litigation which could result in inconsistent decisions and inefficient use of judicial resources. Other courts have considered plaintiff's choice of a non-federal forum, and the state of the proceedings. See Hensgens, 833 F.2d at 1182; see, e.g., Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir. 2001).

Third, Adams will not be significantly injured if amendment is denied. Although Adams asserts in conclusory fashion that she will be prejudiced if not allowed to join Farias as a defendant, she provides no factual or other justification for that assertion.  The court is unable to discern ensuant prejudice because Adams does not allege any cause of action against Farias that is not also alleged against State Farm, and there is no indication that State Farm is insolvent or otherwise unable to fully satisfy any judgment.  See O'Connor v. Automobile Ins. Co. of Hartford Conn., 846 F. Supp. 39, 41 (E.D. Tex. 1994) (stating that where plaintiff has not alleged that the non-diverse defendant is the *sole* cause of any of her injuries, and where the existing defendants are able to satisfy any judgment, plaintiff suffers no prejudice if amendment is denied).

Finally, there are no other equitable factors suggesting that amendment should be granted.  Although there is some small risk of parallel litigation if Adams chooses to pursue any claims against Farias in a separate state-court action, the risk of this is very slight and does not outweigh the other factors.

## V.  Conclusion

The proposed amended complaint seeks to add Farias, but does not add any additional causes of action, nor does it allege any facts specific to Farias.  Plaintiff

appears to have simply inserted Farias's name into three of her existing claims, without asserting any additional facts linking Farias to these claims.  Further, plaintiff knew the potential defendant's identity and connection to the suit from the outset, but chose not to include the party in her original petition.  In these circumstances, courts view a post-removal amendment seeking to add a non-diverse party as "nothing more than an [improper] attempt to destroy diversity."  See In re Norplant Contraceptive Prods. Liab. Litig., 898 F. Supp. 433, 435 (E.D. Tex. 1995).

The court, having considered the proposed amendment and the Hensgens factors, finds that plaintiff's motion should be denied.  An order denying plaintiff's motion for leave to amend the complaint will be entered separately.

SIGNED this  31  day of March, 2008.

_____
Earl S. Hines
United States Magistrate Judge